BANK UNITED, NA, a national Banking
association created and existing under the laws
of the United states of America,

                        Plaintiffs,

v.

GC OF VINELAND, LLC, WILLIAM SCISM
and KAREN SCISM,

                        Defendants,

AND

GC OF VINELAND, LLC, WILLIAM SCISM
and KAREN SCISM,

                        Third-Party Plaintiffs,

v.

GOLDEN CORRAL CORPORATION,
GOLDEN CORRAL FRANCHISING
SYSTEMS, INC. and FIRST CHATAM
BANK

                        Third-Party Defendants.

Civil Action No. 2:18-cv-12879 (ES)(CLW)


**REPORT AND
RECOMMENDATION**


**WALDOR, U.S.M.J.**

   This matter comes before the Court by way of referral from the Honorable Esther Salas to issue a report

and recommendation regarding Third-Party Defendant Golden Corral Corporation's ("Defendant's" or

"Golden Corral")[1] Motion to Transfer Venue to the Eastern District of North Carolina. (ECF No. 43.)   GC

of Vineland, LLC, William Scism, and Karen Scism (collectively "Plaintiffs") opposed this motion (ECF

No. 47) and Defendant replied (ECF No. 49). The Court declined to hear oral argument pursuant to Federal

---

[1] Golden Corral Corporation and Golden Corral Franchising System, Inc., are both named as Third-Party
Defendants in this action. The latter is a subsidiary of the former, and the two entities operated in conjunction
throughout their proceedings with Plaintiffs. (*See* ECF No. 20, Ex. B; ECF No. 27 at 8).  Thus, the Court refers only
to one "Defendant."

Rule of Civil Procedure 78, and, for the reasons set forth below, the undersigned recommends **DENYING** Defendant's Motion to Transfer Venue to the Eastern District of North Carolina.

### I.    BACKGROUND

The Court assumes the parties' familiarity with the factual and procedural history of this action and addresses only those facts necessary for the resolution of the instant motion.

Plaintiffs and Defendant executed a Franchise Agreement on May 24, 2007 ("Franchise Agreement"). (ECF No. 43-3, Ex. B). The Franchise Agreement contains a forum selection clause and a choice of law provision identifying that the laws of North Carolina should be applied to any controversy arising from the agreement.  (ECF No. 43-3, Ex. B.)  In a separate agreement dated April 20, 2011, plaintiffs' William and Karen Scism assigned the Franchise Agreement to plaintiff GC of Vineland, LLC, a limited liability company of which they are members. (ECF No. 20, Ex. C (the "Assignment Agreement")). Defendant "consented to" the Assignment Agreement. (*Id*.). Prior to the Assignment Agreement, plaintiffs William and Karen Scism took out a loan from First Chatham Bank. (ECF No. 12-1 at 2).  This loan was eventually assigned to Bank United, NA ("Bank United"), the main plaintiff in this case. (*Id*.). Plaintiffs ultimately closed their franchise restaurant and were unable to repay their loan. (*Id*.).  In 2018, Bank United initiated an action in the in the Superior Court of New Jersey.  (ECF No. 1.)  On August 16, 2018, Bank United removed the action to the District of New Jersey.  (*Id*.)  On December 10, 2018, Plaintiffs filed their Third-Party Complaint against Defendant (the "New Jersey Action"). (*See* ECF No. 20).  On June 20, 2019, Defendant filed a Complaint against Plaintiff in the Eastern District of North Carolina, *Golden Corral Franchising Systems, Inc. v. GC of Vineland, LLC et al*, 5:19-cv-00255 (TWB) (E.D.N.C. June 20, 2019) (the "North Carolina Action").[2]

#### A.  The New Jersey Action

On December 10, 2018, Plaintiffs filed a Third-Party Complaint against Defendant, alleging, among other things, breach of contract. (ECF No. 20).  On January 7, 2019, Defendant filed a motion to dismiss

---

[2] Unless otherwise noted, all docket references are related to Civil Action No. 18-12879.

the Complaint. (ECF No. 22.)  On December 4, 2019, the Honorable Esther Salas issued an Opinion and

Order (ECF Nos. 35-36) grating and denying in part Defendant's motion to dismiss.[3]  On January 29, 2020,

Defendant filed the instant motion to Transfer Venue to the Eastern District of North Carolina. (ECF No.

43.)

### B. The North Carolina Action

On June 20, 2019, Defendant initiated an entirely new action against Plaintiffs alleging breach of

contract in the Eastern District of North Carolina. (ECF No. 54.)   On December 30, 2019, Plaintiff filed a

Motion to Transfer the North Carolina action to the District of New Jersey. (*Id*.)  On March 17, 2020, the

Honorable Terrence W. Boyle, Chief United States District Judge for the Eastern District of North Carolina,

issued an Opinion transferring the North Carolina action to the District of New Jersey based upon the first-

filed rule, balance of convenience, and 28 U.S.C. § 1404(a).  (*Id*.);  *see also Golden Corral Franchising*

*Systems, Inc. v. GC of Vineland, LLC et al.*, 2:20-cv-02994-ES-CLW (D.N.J. March 18, 2020).

## II.    DISCUSSION

As an initial matter, neither party addresses the applicability of the first-filed rule to this action.  Rather,

Defendant submits that this suit should be transferred to the Eastern District of North Carolina pursuant to

28 U.S.C. § 1404(a) and the public and private factors enumerated by the Third Circuit in *Jumara v. State*

*Farm Ins. Co.*, 55 F.3d 873, 879-81 (3d Cir. 1995).  (ECF No. 43-1.)  Plaintiffs' argue that Defendant has

waived the defense of improper venue under Rule 12 of the Federal Rules of Civil Procedure[4], that the

motion is untimely[5], that Golden Corral failed to plead all claims against the Plaintiffs, and in the alternative,

---

[3] The Honorable Esther Salas dismissed all but Plaintiffs' breach of contract cause of action and Plaintiffs' claim for relief under N.J.S.A § 56:10-7(e) for the imposition of "unreasonable standards of performance." (See ECF No. 20, ¶¶ 116–17).

[4] Plaintiffs' argument that Defendant waived the defense of improper venue misses the mark because Golden Corral has not moved to amend its pleadings. The present motion was brought pursuant to 28 USC § 1404(a). Therefore, the Court will not address Plaintiffs' contentions concerning waiver.

[5] Plaintiffs' argument that Defendant's motion to transfer is untimely is unavailing.  There is no set time limit for which a party must move to transfer under 28 USC § 1404(a).  Notably, Plaintiffs do not point to any precedent within this Circuit to support this contention.

that the *Jumara* factors weigh in favor of maintaining this action in the District of New Jersey.  Additionally, Plaintiffs argue that Defendant acted in "bad faith" by filing the North Carolina Action as an attempt to circumvent the Entire Controversy Doctrine.[6]  (ECF No. 37.)  This Court finds that although Colden Corral has timely filed its motion to transfer, this case should not be transferred to the Eastern District of North Carolina in light of the first-filed rule and the *Jumara* factors.

### A.  **First-Filed Rule**

The first-filed rule articulated by the Third Circuit requires that in "all cases of federal concurrent jurisdiction, the court which first has possession of the subject matter must decide it."  *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990).  "In determining the applicability of the first-filed rule, courts in the Third Circuit examine the chronology of the actions in addition to the overlapping subject matter, issues, claims, and parties."  *Worthington v. Bayer Healthcare, LLC*, 2012 WL 1079716, at \*3 (D.N.J. Mar. 30, 2012) *citing Catanese v. Unilever*, 774 F.Supp.2d 684, 687–89 (D.N.J. 2011).  Although, there must be a "substantial overlap" between the two actions the issues and parties involved need not be identical.  *Maximum Human Performance, Inc. v. Dymatize Enterprises, Inc.*, 2009 WL 2778104, at \*3 (D.N.J. Aug. 27, 2009).

The primary purpose of the first-filed rule is to "avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments."  *Univ. of Pa.*, 850 F.2d at 977.  While exceptions to the first-filed rule are infrequent, the rule is not "rigid or inflexible."  *Worthington*, 2012 WL 1079716, at \*3 (D.N.J. Mar. 30, 2012).  The Third Circuit has articulated the following exceptions: "bad faith, forum shopping, greater development of the second-filed action, and anticipatory suits filed by parties in one forum to preclude imminently filed suits in another forum."  *Id*.  However, the plaintiff, "bears the burden of showing that special circumstances should bar its application."  *Maximum Human Performance, Inc.*, 2009 WL 2778104, at \*3 (D.N.J. Aug. 27, 2009).

---

[6] Based upon the briefing from the parties, Plaintiffs argument related Defendant's motive for bringing the North Carolina Action in potential "bad faith" does not appear to be relevant to the instant motion and therefore will not be considered.

At present, analysis of the first-filed rule is no longer necessary because the concurrent North Carolina Action, upon a motion to transfer, was transferred to the District of New Jersey. *See Golden Corral Franchising Systems, Inc. v. GC of Vineland, LLC et al.*, 2:20-cv-02994-ES-CLW. In the North Carolina Action, the Honorable Terrence W. Boyle, Chief United States District Judge for the Eastern District of North Carolina found that the first-filed rule supported the transfer of the North Carolina Action to the District of New Jersey because the New Jersey action was clearly filed first, both actions arise out of the same franchise agreement and relationship, and balance of convenience weighed in favor of transfer. (Dkt. No 20-2994, ECF No 24.) This Court agrees with the analysis and finding of the Court in the Eastern District of North Carolina and refers the parties to the Opinion and Order entered by Honorable Terrence W. Boyle. (*Id.*) The Court's determination in the North Carolina Action, while not dispositive in this action, weighs against transferring the New Jersey Action to North Carolina.

### B. 28 U.S.C. 1404(a)

Under 28 USC § 1404(a) a court "may transfer any civil action to any other district where it might have been brought" if transfer serves "the convenience of the parties and witnesses" and "the interest of justice." 28 USC § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and . . . to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998). However, motions to transfer are not "liberally granted." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (*citations omitted*). The party seeking transfer bears the burden to establish that the transfer is appropriate and that the alternate forum is more convenient than the present forum. *Jumara*, 55 F.3d at 879. Ultimately, the decision of whether to transfer a case is left to the court's discretion. *Prudential Ins. Co. of Am. v. Brimberry*, 2013 WL 5340378, at *2 (D.N.J. Sept. 23, 2013) (*citations omitted*).

In addition to the three enumerated factors in § 1404(a), the Third Circuit has indicated public and private factors to be considered. *Jumara*, 55 F.3d at 879. The private interests include: 1) the plaintiff's forum preference; 2) the defendant's forum preference; 3) whether the claim arose elsewhere; 4) the convenience of the parties; 5) the convenience of the witnesses; and 6) the location of books and records.

*Id*. (*citations omitted*). The public interests include: 1) the enforceability of the judgment; 2) practical considerations that could make the trial easy, expeditious, or inexpensive; 3) the relative administrative difficulty in the two fora from court congestion; 4) the local interest in deciding controversies at home; 5) the public policies of the fora; and 6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id*. at 879-80 (*citations omitted*). The balancing of these interest factors is discretionary; as long as the "balancing . . . is reasonable, [the district court's] decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981). There is "no definitive formula [as] courts have considered many variants of the . . . interests protected by the language of § 1404(a)." *Jumara*, 55 F.3d at 879 (*emphasis added*). Rather, courts have generally weighed the "cumulative effect of the evidence, relating to many different *Jumara* factors." *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430, 446 (D. Del. 2015); *cf. id*. (clarifying that "[t]o be sure, any one or two factors favoring Defendant would not be enough in and of themselves, to make a persuasive case for transfer").

   i.      *Private Interest Factors*

The private interest factors contested by the parties are: 1) the respective parties forum preference; 2) the location of witnesses and records; 3) the convenience of the respective parties; and 4) where the claim arose.

With regard to the respective parties' forum preference, typically, a plaintiff's forum choice is entitled to deference. *Janosko v. United of Omaha Life Ins. Co.*, 2016 WL 4009818, at *3 (D.N.J. July 25, 2016) (*citations omitted*). And, "unless the balance . . . is strongly in favor of [the] defendant, the plaintiff's choice of forum should prevail." *Shutte*, 431 F.2d at 25 (*emphasis added*) (*citations omitted*); *Rappoport*, 16 F. Supp. 2d at 499 (considering plaintiff's chosen forum "to be presumptively correct"). However, plaintiff's choice of forum is entitled to less deference when a related action is pending in another forum. *Unlimited Tech., Inc. v. Leighton*, 266 F. Supp. 3d 787, 796 (E.D. Pa. 2017). Here, although there was previously a pending action in another forum, that action has since been transferred to the District of New Jersey. Therefore, Plaintiffs selection of the District of New Jersey tips the balance in its Plaintiffs' favor.

Defendant contends that its preference of North Carolina should weigh in favor of transfer because it maintains its primarily place of business in North Carolina, and the Franchise Agreement contains a forum selection clause and choice of law provision favoring North Carolina. (ECF No. 43-1.) Defendants admit that the New Jersey Supreme Court's decision in *Kubis & Perszyk Associates, Inc. v. Sun Microsystems, Inc.*, 146 N.J. 176 (1996), likely precludes strict enforcement of the forum-selection clause but argue that the *Kubis* does not apply to the choice of law provision. (*Id.*) Although Plaintiffs do not contest Defendant's argument regarding the choice of law provision, if it were applicable there is no bright line rule requiring the transfer of an action merely because a contract contains a choice of law provision. Therefore, neither forum selection clause nor the choice of law provision definitively tips the balance in Defendant's favor.

The Court next considers the convenience of the witnesses and location of documentary evidence. At the outset, Defendant maintains that these factors weigh in favor of transfer, the Court does not agree and instead finds that these are neutral factors.

While Defendant argues that "all relevant witnesses and records are located" in North Carolina, Defendant fails to identify any such witnesses or potential records. (*Id.*) However, in Defendant's Interrogatory Responses (ECF No. 47-2, Ex. F), individuals identified as potentially having knowledge related to this action are all current or former employees of Defendant. Plaintiff highlights that some potential witnesses identified in Defendant's Interrogatory Responses are not located in North Carolina. (ECF No. 47.) Although it is unclear where the witnesses reside, even if they did reside in North Carolina, the vast majority of those witness are employees of Plaintiff and therefore, the relative convenience of such witnesses carries little weight. *Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 534 (D.N.J. 2000) ("Party witnesses are presumed to be willing to testify in either forum despite any inconvenience, and therefore, the relative convenience of such witnesses carries little weight."); *Gunther v. Dependable Auto Shippers, Inc.*, 2013 WL 247285, at *4 (E.D. Pa. Jan. 23, 2013) ("Party witnesses or witnesses who are employed by a party, on the other hand, have little impact on the "balance of convenience" analysis since each party is obligated to procure the attendance of its own employees for trial.).

The Court also does not afford much significance to the location of documents, given that this factor has faded in importance with the advent of electronic record keeping.  *See Jumara*, 55 F. 3d at 879; *Santomenno v. Transamerica Life Ins. Co.*, 11-CV-736 (ES), 2012 WL 1113615, at *9 (D.N.J. Mar. 30, 2012) ("the Court affords this factor little weight because it is likely that most of the documents…are stored electronically and therefore accessible from anywhere"); *Clark v. Burger King Corp.*, 255 F. Supp. 2d 334, 339 (D.N.J. 2003); (citation omitted) ("When documents can be transported and/or easily photocopied, their location is entitled to little weight.").

In weighing the convenience of the parties, the court finds that this is a neutral factor.  Defendant has its principal place of business in Raleigh, North Carolina but maintains restaurants in 41 different states, including New Jersey.  (ECF No. 47.)  Plaintiffs on the other hand, while they have family in New Jersey, are no longer living in New Jersey but reside in Florida.  Therefore, the convenience of the parties, considering their relative physical locations and Defendants vast business operations, weighs neither for nor against transfer.

Next the Court looks to where the claim arose.  Defendant argues that the claims in this action are centered in North Carolina.  The Court disagrees.  Plaintiffs' franchised a restaurant in Vineland, New Jersey and the facts surrounding the alleged breach of contract took place in New Jersey.  Therefore, this factor weighs against transfer.

### ii.    *Public Interest Factors*

Here, the parties primarily contest the following public interest factors: 1) federal judicial caseload; 2) practical considerations of litigating in New Jersey; 3) the familiarity of the New Jersey Court with this action; and 4) New Jersey's local interest in adjudicating this action.

First, Defendant argues that the District of New Jersey has one of the largest caseloads in the country with more than twenty thousand cases, compared to that of the Eastern District of North Carolina, which has just over two thousand.  (ECF No. 43-1.)  Although courts may consider calendar congestion in ruling upon a § 1404(a) motion, relative congestion of the respective courts' dockets is not a factor of great importance in this type of motion.  *Clark*, 255 F.Supp.2d at 339 (D.N.J.2003);  *See Janosko v. United of*

*Omaha Life Ins. Co.*, 16-CV-1137 (RBK) (KMW), 2016 WL 4009818, at *4 (D.N.J. July 25, 2016) (recognizing that courts are hesitant to draw conclusions about the burdens on federal courts) (*citations omitted*). Therefore, this factor does not weigh in favor of either party.

Second, Defendant argues that practical considerations related to unnecessary litigation expenses weighs in favor of transfer. (ECF No. 43-1.) However, Defendant's sole argument is related to convenience and cost of conducting depositions of North Carolina witnesses. (*Id.*) This is not a public interest factor under *Jumara*, as noted above, the relative convenience of witnesses carries little weight for or against transfer.

Third, Plaintiff argues that it is more expeditious and inexpensive to have the District of New Jersey continue to handle this case because discovery has been ongoing and there has been a decision on a motion to dismiss. (ECF No. 47.) Defendant does not contest these facts but instead identifies that the District Court for the Eastern District of North Carolina can adjudicate the parties' claims. (ECF No.49.) While this Court does not doubt the ability of the District Court for the Eastern District of North Carolina, this Court finds that these factors substantially tip the balance against transfer because the New Jersey Action has progressed substantially, this Court is familiar with the facts and law of the case, and the concurrent North Carolina Action was transferred to the District of New Jersey on March 18, 2020 and is pending before this Court.

Finally, Plaintiff argues that the New Jersey has a local interest in maintaining this action because the matter arose in New Jersey and the action concerns violations of the New Jersey Franchise practices Act. The Court agrees. When analyzing local interest in the transfer analysis context, Courts consider the "locus of the majority of the relevant conduct" and where the agreements "transpired," rather than the residences of the parties. *Chigurupati v. Daiichi Sankyo Co.*, 10-CV-5495 (JAD), 2011 WL 3443955, at *6 (D.N.J. Aug. 8, 2011) aff'd, 480 Fed.Appx. 672 (3d Cir.2012); *Rosen v. Lieberman*, 16-CV-7341(JLL)(JAD), 2017 WL 3783705, at *9 (D.N.J. Aug. 31, 2017). As the Franchise Agreement in this case transpired primarily in New Jersey and not North Carolina, the Eastern District of North Carolina has little local interest in adjudicating this dispute. Because "[t]he burden of jury duty should not be placed on citizens with a remote

connection to the lawsuit," New Jersey residents rather than North Carolina residents should act as jurors during any trial. *See Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 200–01 (E.D. Pa. 2008) (*quoting Nat'l Prop. Investors VIII v. Shell Oil Co.*, 917 F.Supp. 324, 330 (D.N.J. 1995)).

Therefore, this Court finds that in balancing the factors disputed by the parties, the *Jumara* factors weigh against transferring this action to the Eastern District of North Carolina.

## III.     CONCLUSION

For the foregoing reasons, this Court recommends that Defendant's Motion to Transfer Venue to the Eastern District of North Carolina, be **DENIED.**

The parties shall have 14 days to file and serve objections to this report and recommendation pursuant to Local Rule 72.1(c)(2) from the date this report is filed with the Clerk of the Court.

**ACCORDINGLY, IT IS** on this 28th day of May, 2020,

**RESPECTFULLY RECOMMENDED** that Defendant's motion to transfer be **DENIED**; and

**ORDERED** that the Clerk will terminate the motion, ECF No. 43.

*s/ Cathy L. Waldor*

CATHY L. WALDOR
**United States Magistrate Judge**